# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | CASE NO. 1:12-cv-01043-LJO-MSJ PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN FOURTEEN DAYS OR ACTION WILL BE DISMISSED |
| v. | |
| SABRINA JOHNSON, et al., | (ECF No. 1) |
| Defendants. | |

Plaintiff Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 27, 2012. Plaintiff has failed to pay the required filing fee for this case and, for the reasons discussed below, cannot proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## I. SECTION 1915(g)

Plaintiff is subject to section 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has had three or more actions dismissed as frivolous or for failing to state

claims.[1]  Thus, he may proceed in forma pauperis only if he is in imminent danger.

The determination whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), and the allegation of imminent danger must be plausible, id. at 1054.

**II.     PLAINTIFF'S ALLEGATIONS**

In his Complaint, Plaintiff alleges claims for relief against the following individuals: 1) Sabrina Johnson, Chief Deputy Warden of California State Prison, Corcoran ("CSP-COR"), 2) H. Padckoff, correctional officer of the California Department of Corrections and Rehabilitation ("CDCR"), 3) J. Cabrea, correctional officer with the CDCR, 4) J. Moon, physician with CDCR, 5) Stanley, licensed vocational nurse with CDCR, 6) Belisterra, licensed vocational nurse with CDCR, and 7) Ward, correctional officer with the CDCR. Plaintiff alleges that these individuals violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

Plaintiff's allegations are as follows:

On June 15, 2011, Plaintiff filed a medical appeal regarding various conditions. (Compl. at 3.)  Plaintiff did not receive a response. He brought the matter to the attention of Defendant Johnson at a committee hearing. (Id.) Plaintiff's wheelchair was confiscated, preventing him from receiving medical care and participating in programming. (Id.) Defendant Johnson told Plaintiff he did not need a wheelchair. (Id.)

On March 14, 2012, Plaintiff's Americans with Disabilities Act ("ADA") appeal for a wheelchair was denied. (Compl. at 5.) Plaintiff believes Defendant Moon was responsible for the denial. (Id.) Defendant Moon also discontinued Plaintiff's pain medication and

---

[1] The Court takes judicial notice of case numbers 2:98-cv-00180-FCD-JFM PC Bradford v. White (E.D. Cal.) (dismissed 06/03/1999 as time barred); 2:02-cv-01859-FCD-GGH PC Bradford v. Terhune (E.D. Cal.) (dismissed 06/18/2003 pursuant to section 1915(g) on a motion to dismiss); 1:04-cv-05496-AWI-DLB PC Bradford v. Terhune (E.D. Cal.) (dismissed 10/21/2004 for failure to state a claim); 2:05-cv-00862-FCD-DAD PC (E.D. Cal.) (dismissed 09/30/2005 for failure to state a claim and as frivolous); and 1:07-cv-01031-OWW-LJO Bradford v. Superior Court of California (E.D. Cal.) (dismissed 08/21/2007 as frivolous).

provided an inadequate replacement. (Id.)

Plaintiff required medical care on April 11, 2012; Defendant Padckoff responded by telling him he would change his medical orders and he did so. (Compl. at 4.) Soon thereafter, on April 15, 2012, Defendants Cabrera and Stanley spoke with Plaintiff regarding his wheelchair, and Defendant Cabrera said he discontinued Plaintiff's wheelchair authorization. (Id.)

On April 26, 2012, Defendants Ward and Belisterra denied Plaintiff's request for a wheelchair. (Compl. at 5.)

Plaintiff filed appeals regarding Defendants Padckoff, Cabrea, Stanley, Moon's refusal to provide him with a wheelchair. (Compl. at 5.) He also filed an appeal regarding Defendant Moon's discontinuance of his pain medication. (Id.) Plaintiff filed an appeal regarding Defendants Ward and Belisterra's refusal to provide him with a wheelchair. (Id.) Plaintiff filed additional appeals regarding his need for a wheelchair and pain medication, but Plaintiff did not receive any requested relief. (Id. at 6-7.)

Plaintiff asks for declaratory and injunctive relief, compensatory damages, legal supplies, and punitive damages. (Compl. at 7-8.)

## III.    DISCUSSION

In his complaint, Plaintiff alleges that he has bleeding leg ulcers and that the failure to provide him with a wheelchair endangers him. However, the complaint is devoid of specific factual support for this purely conclusory claim that he faced imminent danger of serious physical injury at CSP-COR. Exhibits filed in this action belie his claim of imminent danger. They show that his medical condition continues to be monitored and evaluated and that various medical orders have acknowledged and accommodated his physical limitations. Simply stating, without providing facts to support the statement, that he is in imminent danger of serious physical injury will not enable him to escape the reach of section 1915(g). Andrews, 493 F.3d at 1054.

## IV.    ORDER

For the reasons set forth herein, it is ORDERED that:

3

1. Plaintiff shall pay the $350.00 filing fee in full within **fourteen (14) days** from the date of service of this order;
2. If Plaintiff fails to pay the $350.00 filing fee in full within fourteen days, this action shall be dismissed, without prejudice.

IT IS SO ORDERED.

Dated: December 27, 2012        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE